UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HOLLY BENNETT

CASE No. 8:13-CV-684-T-17TGW

v.

TIME CUSTOMER SERVICE, INC.

REPORT AND RECOMMENDATION

The plaintiff has filed an affidavit of indigency pursuant to 28 U.S.C. 1915, seeking a waiver of the filing fee for her complaint. She alleges that her former employer violated Florida's Private Whistleblowers Act and Florida's Worker's Compensation Act (Doc. 1).

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that she is entitled to redress. Even if the plaintiff proves indigency, the case shall be dismissed if the

action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii).

The plaintiff's financial affidavit is incomplete and, therefore, the court lacks the information necessary to determine whether she is unable to pay the filing fee. Thus, the plaintiff responded affirmatively in her application to proceed in forma pauperis that she has received in the past twelve months income from (a) a business, profession or other self-employment and (b) rent payments, interest, or dividends (Doc. 2, p. 1). However, she fails to provide the requested information regarding "each source of money ... the amount that [she] received and what [she] expect[s] to receive in the future" (id.). The plaintiff also fails to answer the remaining questions concerning the amount of money she has in cash or in a checking or savings account, other assets, debts, and financial obligations (id., p. 2). In sum, the plaintiff fails to show that she is indigent.

Further, the plaintiff also has not established that this court has jurisdiction over her claims. See Rule 8(a)(1), F.R.Civ.P. (a pleading "must contain a short and plain statement of the grounds for the court's jurisdiction"). The plaintiff's complaint alleges violations of two Florida statutes (Doc. 1, p. 12). Where, as here, there is no claim based on a violation of federal law, the

plaintiff must include in her complaint allegations which support diversity jurisdiction. See Smith v. GTE Corp., 236 F.3d 1292, 1229 (noting the federal court's limited congressional grant of jurisdiction). Diversity jurisdiction is established when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). The plaintiff insufficiently alleges that her claim is "in excess of $15,000" (Doc. 1, p. 1). Furthermore, she does not identify the defendant's citizenship. Rather, she vaguely asserts that the defendant is "a foreign for profit corporation" (Doc. 1, p. 2).

In sum, even construing the plaintiff's complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff has failed to show that she is indigent and that this court has jurisdiction over her claims. Accordingly, the complaint should be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). In this circumstance, however, it is appropriate to permit the plaintiff to file an amended complaint. See Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002) (§1915(e)(2)(B)(ii) dismissal does not allow the district court to dismiss an in forma pauperis complaint without allowing leave to amend as permitted under Rule 15, F.R.Civ.P.). I therefore recommend that the complaint be dismissed, but allow the plaintiff to file within thirty days an

amended complaint that complies with the Federal Rules of Civil Procedure and a completed application to proceed in forma pauperis.

Respectfully submitted,

DATED: MARCH 28, 2013

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).